IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ELIZABETH ANDOH, on behalf of herself
and all others similarly situated,



11 CIV 1977

Plaintiffs,

**CLASS ACTION COMPLAINT**

v.

GOLDMAN & WARSHAW, PC
        Defendant.

------------------------------------------------------------X

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from the unlawful collection practices engaged in by defendant Goldman & Warshaw, PC ("Goldman"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

3.      In enacting the FDCPA Congress found that debt collectors could perform their job by not engaging in deceptive conduct.

4. To effectuate the FDCPA's purpose of protecting all consumers from deceptive, abusive and harassing conduct, collection activities are viewed from the perspective of how the least sophisticated consumer would interpret such activity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

6. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §1391 because:

   a. Defendant resides within this District.

## PARTIES

7. Plaintiff, Elizabeth Andoh ("Andoh"), is an individual who resides in Kings County, New York.

8. Defendant, Goldman & Warshaw, P.C. ("Goldman" or "Goldman & Warshaw"), is a professional corporation chartered under New Jersey law with offices at 10 Oakland Avenue, Suite 2-4 in Warwick, New York, 10990.

9. Upon information and belief, Goldman is a law firm.

10. Upon information and belief, Goldman is engaged in the business of collecting debts.

11. Upon information and belief, Goldman collects debts allegedly owed to others.

12. Upon information and belief, Goldman is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. Goldman is subject to the FDCPA as a debt collector.

## FACTS

14. On or about February 1st, 2011, a complaint was filed, with an index number of 3384-2011, in the Supreme Court of the State of New York, County of Kings captioned: "THE EDUCATION RESOURCES INSTITUTE, INC. vs. ELIZABETH ANDOH". See Exhibit A

15. In conveying Exhibit A, defendant sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal loan.

16. The debt which Goldman was seeking to collect was a "debt" as that term is defined by the FDCPA.

17. Exhibit A is a standard form documents.

18. Exhibit A is conveyed to consumers with the knowledge and consent of the defendant.

19. Documents in the form represented by Exhibit A are regularly conveyed to collect delinquent debts.

20. Exhibit A conveys in paragraph 11 that there is *due and owing* (emphasis added) $5,518.99 representing reasonable attorney's fees incurred and to be incurred in the prosecution of this action.

21. Under New York law, where attorney's fees are incurred in enforcing an agreement such as the one in which plaintiff relies upon payment, where that agreement provides

that attorney's fees are awarded to the prevailing party, the attorney's fees are due and owing only *after* final judgment is entered.

22. Under New York law, where an agreement provides for an award of attorney's fees to a party for its reasonable attorney's fees in enforcing an agreement, the award of the attorney's fees must be given by the court and is never due and owing until the court enters judgment.

23. Under New York law, a request for legal fees requires presentation of (1) an agreement to pay such fees, tendered by an appropriate affidavit, and (2) an attorney's affirmation detailing the fee arrangement, the legal services provided and the relevant factors bearing upon the claim.

24. The agreement to pay legal fees must be submitted for, absent an agreement to pay such fees, an application for fees may not be granted by New York State courts.

25. In our situation, the court had not awarded attorney's fees to Goldman.

26. Nevertheless, Goldman claimed that reasonable attorney's fees are due and owing.

27. Defendant's conduct was willful.

28. More than 100 examples of Exhibit A have been conveyed during the last 12 months.

29. More than 40 examples have occurred where Goldman has claimed that there is due and owing reasonable attorney's fees at the outset of the lawsuit before a judge has made a determination that such attorney's fees are due and owing.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against Goldman & Warshaw)

30. Plaintiff incorporates by reference paragraphs all of the above paragraphs as though fully stated herein.

31. The conduct of Goldman in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

32. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

 (2) The false representation of-

  (A) the character, amount, or legal status of a debt.

 (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692f entitled Unfair Practices provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. By its conduct, Goldman violated the above quoted provisions of the statute because Goldman stated that monies were due and owing when in fact they weren't.

34. By attempting to collect monies which they were not entitled to, Goldman violated the above quoted provision of the statute.

35. As a result of the illegal conduct of Goldman, plaintiff is entitled to statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

37. The class consists of (a) all individuals (b) with a New York address (c) who have had a New York action filed against them (d) in which Goldman & Warshaw is the attorney for the plaintiff (e) where Goldman & Warshaw claimed there is due and owing attorneys fees and (f) the court had not made a determination as to the amount of reasonable attorneys fees.

38. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

39. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the activities of the defendant violate the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. individual actions are not economically feasible;

   b. members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit;

   (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
       March [9th], 2011

**The Law Offices of Shimshon Wexler, PC**

By: _____
Shimshon Wexler (SW0770)
Attorney for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| THE EDUCATION RESOURCES INSTITUTE, INC.<br><br>Plaintiff,<br>vs.<br><br>ELIZABETH ANDOH<br>Defendant(s) | INDEX NO.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, by its attorneys, Goldman, Warshaw & Parrella - Goldman & Warshaw, PC -, complaining of the defendant, respectfully alleges as follows:

1. Plaintiff, THE EDUCATION RESOURCES INSTITUTE, INC. is a corporation whose main office is located in 31 ST. JAMES AVE 6TH FL BOSTON, MA 02116.

2. Upon information and belief, defendant ELIZABETH ANDOH ("Defendant") is a resident of the State of New York, maintaining a residence at 590 FLATBUSH AVE APT 4H, BROOKLYN NY 11225-4977.

## AS AND FOR A FIRST CAUSE OF ACTION

3. The, Defendant entered into a loan agreement (the "Agreement") in writing with THE EDUCATION RESOURCES INSTITUTE, INC..

4. THE EDUCATION RESOURCES INSTITUTE, INC. has duly performed all conditions of the loan on its part to be performed.

5. Defendant failed to make payment of the installment that was due on 01/18/2007 (the "Default"), or of any additional monthly installments that became due thereafter.

6. Accordingly, by virtue of the Defendant's default, there is now due and owing from the Defendant to THE EDUCATION RESOURCES INSTITUTE, INC. the sum of $36,789.95 with interest from 01/18/2007, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

7. Plaintiff repeats, reiterates and realleges each and every allegation of this complaint contained in paragraphs "3" through "6" with the same force and effect as if more fully set forth at length herein.

8. Accordingly, by virtue of the Defendant's default, there is now due and owing from the Defendant to THE EDUCATION RESOURCES INSTITUTE, INC. the sum of $.00, representing late charges due, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION

9. Plaintiff repeats, reiterates and realleges each and every allegation of this complaint contained in paragraphs "7" through "8" with the same force and effect as if more fully set forth at length herein.

10. Among other things, the Agreement provided that in the event of default, Defendant agreed to be liable for all collection and legal costs, including reasonable attorneys' fees and court cost to the extent permitted by law.

11. Accordingly, by virtue of the Default, there is due and owing to THE EDUCATION RESOURCES INSTITUTE, INC. from Defendant the sum of $5,518.49, representing reasonable attorneys fees incurred and to be incurred by THE EDUCATION RESOURCES INSTITUTE, INC. in the prosecution of this action.

WHEREFORE, Plaintiff, THE EDUCATION RESOURCES INSTITUTE, INC. demands judgment against defendant ELIZABETH ANDOH, as follows:

On the first cause of action, against defendant, for the sum of $36,789.95, with interest from 01/18/2007; and

On the second cause of action, against defendant, for the sum of $.00, representing late charges due; and

On the third cause of action, against defendant, for the sum of $5,518.49, representing reasonable attorneys' fees, all together with the costs and disbursements of this action; and for such other and further relief as this Court may deem just and proper.

Dated: Warwick, New York
February 1, 2011

Goldman, Warshaw & Parrella
- Goldman & Warshaw PC -
Attorneys for Plaintiff

By: _____
*Jeff Parrella, Esq.*
10 Oakland Ave, STE 2-4
P.O. Box 597
Warwick, NY 10990
(845) 544-1783 or (973) 439-0077

File H0083571